RECEIVED
SEP 0 9 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| DONALD P. BOURQUE | CIVIL ACTION NO. 04-1327 |
| VERSUS | JUDGE DOHERTY |
| COMMISSIONER OF SOCIAL SECURITY | MAGISTRATE JUDGE METHVIN |

## MEMORANDUM RULING

Pending before this Court is the plaintiff's appeal of an unfavorable disability finding by the Commissioner of Social Security. The appeal was referred to Magistrate Judge Methvin for her report and recommendation. She issued the requested report and recommended that the Commissioner's finding be reversed and that this Court rule in favor of the claimant, finding that he is disabled. The Commissioner has now filed objections to the Report and Recommendation. While the Report and Recommendation is extremely well-drafted and well-considered, this Court concludes that the Commissioner's objections are not without merit. This case illuminates the difficulty inherent in reviewing the factual conclusions of a frontline fact-finder. This Court finds that under the Standard of Review required by this Court, this Court must find the Commissioner's finding is supported by substantial evidence and, though disputable and perhaps regrettable, thus must be affirmed.

The descriptions of the facts, the evidence contained within the record, and the applicable law set forth in Report and Recommendation are hereby ADOPTED to the extent that they are consistent with this ruling.

The plaintiff received a closed head injury in February, 2001. Thereafter, he received intensive medical and other treatment through early 2003, after which his primary treatment has been psychological counseling. The parties are in agreement, and the Commissioner found, that Mr. Bourque suffered organic brain damage and that he suffers from depression, both of which constitute "severe impairments" under the applicable regulations. Under those regulations, the existence of one or more severe impairments does, for some types of impairments (*i.e.* those identified in the "listings"), automatically entitle one to a finding of disability. Where one's impairments are not listed, however, as is the case here, a claimant must prove that his residual functional capacity does not permit him to work. The question of whether Mr. Bourque has sufficient functional capacity to permit him to work presents the major area of dispute between the parties.

All told, the plaintiff has asserted four objections to the ALJ's ruling. Three of them can be addressed briefly:[1]

- "The Administrative Law Judge erred in the finding that the claimant could do work at all exertional levels," which this Court interprets as challenging the conclusion that Mr. Bourque is not physically disabled.

During his period of intensive medical treatment in 2001 and 2002, Mr. Bourque was treated for osteoarthritis (and, possibly, other problems) in one or both of his knees. He identified physical disability as one of the bases for his application for Social Security benefits. As Magistrate Judge Methvin found, however, the administrative record clearly contains substantial evidence supporting the conclusion that Mr. Bourque's physical condition does not prevent him from being able to work.

---

[1] In his briefing, Mr. Bourque has not been completely consistent in summarizing, describing, and identifying the arguments he makes. The characterizations of his arguments contained herein represent this Court's best effort to interpret and describe the objections the plaintiff intended to make to the Commissioner's decision.

This evidence specifically includes Mr. Bourque's treating physician's conclusion that he has no substantial physical impairments and her recommendation that he receive vocational training to enable him to return to work.

- "[T]he standard of review used by Judge Ragona to decide this case were erroneous," which seems to refer to the argument that the ALJ should have obtained an additional medical evaluation of Mr. Bourque's physical condition due to an alleged conflict between the opinion of his treating physician (who concluded that he had no physical disability) and his treating psychologist (who opined that he did have a physical disability).

Mr. Bourque's argument that the ALJ used the wrong "standard of review" is not persuasive for two reasons. First, the alleged conflict between the opinions of Drs. Smith and Elliott did not affect the ALJ's decision; he chose to discount the opinion of Dr. Elliott. As a psychologist (not a physician), Dr. Elliott was not qualified to opine as to Mr. Bourque's medical condition, nor is there any support in her records justifying any medical conclusion that Mr. Bourque is physically disabled. Judge Ragona was justified in finding that Dr. Elliott's medical conclusions about Mr. Bourque's physical condition were not reliable. Therefore, the conflict upon which Mr. Bourque relies simply did not play a role in the ALJ's decision. Moreover, even had such a conflict existed, the question of whether to solicit an evaluation by a consulting physician in order to ascertain an applicant's true condition is firmly within the Commissioner's discretion[2] and Mr. Bourque has not demonstrated any abuse of discretion in the decision not to do so in this case.

- "The conclusions made by Judge Ragona in the area of the lack of a substantial mental problem are not [] supported by the evidence."

This argument is based upon a mischaracterization of the ALJ's findings. Judge Ragona specifically found that Mr. Bourque has suffered organic brain damage and that he suffers from depression, both

---

[2] Wren v. Sullivan, 925 F.2d 123, 128 (5th Cir. 1991).

of which constitute "severe impairments" in the analysis. Therefore, Mr. Bourque's suggestion that Judge Ragona found "a lack of a substantial mental problem" is at odds with the actual findings in the record and, for that reason, does not identify any basis for finding that the underlying decision is incorrect in any way.

The remaining argument made by the plaintiff presents the true dispute upon which this matter turns: "the evaluation of the claim at Step 5, and the use of the Vocational Expert testimony here were incorrect." "Step 5" of the disability analysis is that point at which the ALJ, having determined that one or more serious impairments exist and that those serious impairments do not trigger a presumption of disability, must determine whether the applicant has sufficient residual functional capacity to permit him to work. Judge Ragona concluded that Mr. Bourque does have sufficient mental and physical capacity to permit him to work; Mr. Bourque disagrees and his counsel argues that he cannot return to work as a result of his current (and deteriorating) mental condition.

According to the Fifth Circuit, the Commissioner must consider four elements of proof in determining whether a disability exists: (a) objective medical facts; (b) diagnoses and opinions of treating and examining physicians; (c) the claimant's subjective evidence of pain and disability; and (d) the claimant's age, education, and work history. <u>Wren</u>, 924 F.2d at 126. It often happens that there are conflicts between the evidence from one category and that from another, and that is the case here. As the parties have demonstrated in their briefing, all of the medical and professional opinions are undisputed and they uniformly indicate that Mr. Bourque's depression is such that he has too little functional capacity to return to work.[3] Understandably, the plaintiff's briefing focuses on this

---

[3] *See* Administrative Record, at 161-62.

fact. By contrast, the record also includes Mr. Bourque's statement that his depression is "not a problem," as well as a description of his daily activities which includes going to betting parlors, taking care of his own household chores, walking for exercise, going grocery shopping, etc.[4] The Commissioner's briefing focuses almost exclusively on *this* evidence.

Thus, this case presents a highly unusual development, in that the medical evidence suggests a *more* debilitated condition than does Mr. Bourque's subjective testimony. More frequently, disputes over Social Security disability present a conflict between more benign objective medical facts, opinions, and diagnoses, on the one hand, and subjective evidence suggesting a much greater disability, on the other hand. In those cases, the courts routinely recognize that the ALJ has the discretion to interpret all of the evidence and choose to base his decision upon that which is more credible and reliable to him. In this case, Judge Ragona made a credibility finding that Mr. Bourque and his witnesses were exaggerating his pain-related complaints but that they truthfully described his daily activities and his physical abilities. Based upon these findings, Judge Ragona had sufficient evidence to conclude that Mr. Bourque could accomplish the tasks necessary to become employed in certain limited classes of jobs (such as grounds-keeper, janitorial, etc.). In his briefing, the plaintiff has identified no reason for this Court to conclude that these findings – though presented in unusual circumstances – are not supported by substantial evidence in the record or otherwise are not justified.[5]

---

[4] *See* Administrative Record, at 18, 105, 197, 199, 200, 203, 204, 207.

[5] Given the evidence in the record that Mr. Bourque's organic brain damage is contributing to an ongoing deterioration in his mental condition and his abilities, the limited scope of this ruling should be very clear: it is specifically limited to the facts, evidence, and circumstances in the record documenting Mr. Bourque's condition at the time he filed his application for benefits and through the time of the ALJ's decision.

For the foregoing reasons, this Court finds that the administrative law judge's decision is supported by substantial evidence in the record and that his conclusion comports with the relevant legal standards. The decision will be affirmed.

Lafayette, Louisiana, this ___ day of September, 2005.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE